Filed 8/3/21  P. v. Watson CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>KEVIN ALAN WATSON,<br>        Defendant and Appellant. | A158678<br><br>(Del Norte County<br>Super. Ct. No. CRF16-9015) |

Defendant Kevin Alan Watson was granted probation after he pleaded guilty to one felony count of receiving stolen property (Pen. Code, § 469d, subd. (a)).[1]  He violated his probation numerous times, resulting in his probation being revoked and reinstated.  Following the fourth revocation petition, the trial court revoked probation and sentenced defendant to three years in the county jail.  (See § 1170, subd. (h)(5).)  Counsel for defendant has filed an opening brief in which he raises no issues and asks this court for an independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Counsel informed defendant of his right to submit a supplemental brief and he has not filed one.  We have conducted the review and, finding no arguable issues to be briefed, affirm the judgment.

---

[1] All further undesignated statutory references are to the Penal Code.

## BACKGROUND

In March 2016, defendant pleaded guilty to one count of felony receiving stolen property (vehicle). In April 2016, the trial court sentenced defendant to three years in county jail. The court suspended execution of the sentence and placed defendant on probation subject to various conditions, including that he serve 270 days in county jail and successfully complete the drug court program.

On September 8, 2017, the probation department filed a petition to revoke probation based on defendant's submission of a diluted urine sample and his failure to provide proof of attendance at his required substance abuse meeting.

On October 10, 2017, the probation department filed a second petition for revocation of probation based on defendant's submission of a positive urine sample, admission of methamphetamine use, and failure to provide proof of attendance at his required substance abuse meeting.

On October 19, 2017, defendant admitted the violations as alleged in the first and second revocation petitions.[2] The trial court sustained the first and second revocation petitions. Before defendant could be sentenced on the first two petitions, the probation department filed a third petition for revocation, on October 31, 2017, alleging that defendant committed various Vehicle Code offenses (Veh. Code, §§ 12500, 16028, subd. (a), 4462, subd. (b), 4000, subd. (a)(1)).

On November 1, 2017, defendant admitted the Vehicle Code violations alleged in the third petition with the exception of failing to provide proof of registration (Veh. Code, § 4462, subd. (b)), which the trial court dismissed.

---

[2] The allegation in the second petition that defendant failed to provide proof of attendance at his required meeting was dismissed.

2

On November 2, 2017, the trial court revoked and reinstated defendant's probation, subject to modifications. The trial court sentenced defendant to 90 days in the county jail.

On October 4, 2018, the department filed a fourth petition for revocation of probation, alleging that defendant failed: (1) to timely check in with probation; (2) to provide for attendance at three required meetings; (3) to provide weekly urine samples for three weeks in a row; and (4) to follow the directive of the supervising agency and to report to the probation department.

After absconding to Oregon, defendant was eventually arrested on an outstanding warrant and brought back to California in July 2019. On July 16, 2019, defendant admitted the allegations alleged in the fourth revocation petition.

On August 12, 2019, the trial court terminated probation and imposed the previously suspended three-year sentence. This timely appeal followed.

## DISCUSSION

The trial court revoked defendant's probation and imposed the previously suspended sentence after giving defendant numerous chances to comply with probation. It was only after the fourth revocation petition that the trial court denied reinstatement and imposed the previously suspended sentence. We conclude the trial court's decision to terminate probation—based upon defendant's repeated violations of its terms and conditions—and to impose the previously suspended sentence was proper. (See *People v. Segura* (2008) 44 Cal.4th 921, 932 ["During the period of probation, the court may revoke, modify, or change its order suspending imposition or execution of the sentence, as warranted by the defendant's conduct. (§§ 1203.2, 1203.3.)"].)

3

# DISPOSITION

The judgment is affirmed.

_____

Jackson, J.


WE CONCUR:


_____

Fujisaki, Acting P. J.


_____

Petrou, J.


A158678/*People v. Kevin Alan Watson*

5